[Cite as *State v. Beck*, 2015-Ohio-3695.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WILLIAMS COUNTY

State of Ohio                                           Court of Appeals No. WM-15-001

      Appellee                                   Trial Court No. 11 CR 192

v.

Greg L. Beck                                           **DECISION AND JUDGMENT**

      Appellant                                  Decided:  September 11, 2015

* * * * *

Kirk E. Yosick, Williams County Prosecuting Attorney, and
Michael L. Juhasz, Assistant Prosecuting Attorney, for appellee.

Greg L. Beck, pro se.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a December 30, 2014 judgment of the Williams County Court of Common Pleas, denying appellant's December 29, 2014 pro se motion to discharge debt by reason of tender of payment.  For the reasons set forth below, this court affirms the judgment of the trial court.

**{¶ 2}** Appellant, Greg L. Beck, sets forth the following sole assignment of error:

The lower court erred by denying Mr. Beck's Motion to Discharge Debt by Reason of Tender of Payment.

**{¶ 3}** The following undisputed facts are relevant to this appeal. On April 2, 2012, appellant pled guilty to one count of rape, in violation of R.C. 2907.02(A)(1), a felony of the first degree, and two counts of sexual battery, in violation of R.C. 2907.03(A)(5), felonies of the third degree.

**{¶ 4}** The instant appeal pertains solely to the fine and costs component of appellant's sentence. At appellant's May 8, 2012 sentencing, a $10,000 fine was imposed, as well as fees and costs, an amount totaling $11,071.

**{¶ 5}** On December 29, 2014, appellant filed a pro se motion requesting the trial court discharge the above referenced debt. The motion was prefaced upon appellant's legally unsupported assertion that a promissory note sent by appellant via regular U.S. mail to the trial court should be construed as constituting payment in full of the debt, thereby discharging it. We do not concur.

**{¶ 6}** Appellant's position is reflected in his argument on appeal asserting that because, "At the very top of the paper currency circulated today as money are the words Federal Reserve *Note*," (emphasis added), the rejection by the trial court of appellant's promissory note as constituting payment in full so as to discharge the debt he owes would negate the ability of anyone to utilize cash as payment for debts owed and would render

2.

mortgage-backed securities worthless.  We are not persuaded by appellant's line of reasoning.

{¶ 7} The record reflects that appellant's position on appeal lacks any legal foundation in support of the notion that a current promise to pay a debt owed at some point in the future, in and of itself, somehow constitutes current tender of payment in full and mandates the current discharge of the underlying debt.  It is untenable.

{¶ 8} Wherefore, we find that there is no legal basis to construe appellant's promissory note as constituting current tender of payment in full so as to currently discharge the debt accrued by appellant in the course of the underlying criminal case.

{¶ 9} Appellant currently owes $11,071 in connection to the underlying criminal convictions.  Appellant has paid $16.67 towards that debt.  The mailing of a promissory note by appellant does not constitute current payment of the balance owed and discharge of the debt.  The trial court properly denied appellant's pro se motion to discharge debt by reason of alleged tender of payment in full via a promissory note.

{¶ 10} We find appellant's assignment of error not well-taken.  The judgment of the Williams County Court of Common Pleas is hereby affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

3.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

_____

Thomas J. Osowik, J.
CONCUR.

JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.